RANDALL S. FARRIMOND (CSB No. 95281)
E-mail: rfarrimond@farrimondlaw.com
FARRIMOND LAW OFFICES
a Professional Corporation
90 New Montgomery Street, Suite 1250
San Francisco, CA 94105
Telephone: (415) 362-4900
Facsimile: (415) 362-4901

Attorneys for Plaintiff
CREATIVE PHOTOGRAPHERS, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> RAP-UP, LLC, <br><br> Defendant. | Case No.: 2:21-cv-09001-SB-MAA <br><br> **MANDATORY SCHEDULING CONFERENCE JOINT RULE 26(f) REPORT** <br><br> Complaint filed: Nov. 16, 2021 <br> Answer filed: Jan. 14, 2022 <br> Trial (proposed): Nov. 14, 2022 <br> MSC: Feb. 25, 2022 |

    Plaintiff CREATIVE PHOTOGRAPHERS, INC. ("CPi") and Defendant RAP-UP, LLC ("Rap-Up") jointly file this Rule 26(f) Report:

    1. **Subject Matter Jurisdiction.**  This is an action for violations of exclusive rights under section 106 of the Copyright Act, 17 U.S.C. §§ 101, *et seq*. to copy and

- 1 -
MSC JOINT RULE 26(f) REPORT - Case No.: 2:21-cv-09001-SB-MAA

distribute Plaintiff's original copyrighted Works of authorship.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

2. **Statement of the Case.**  Plaintiff CPi is a commercial photography agency specializing in representing an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing.  Defendant Rap-Up is a nationwide hip-hop and R&B magazine.  Cpi alleges that Rap-Up copied Plaintiff's copyrighted Works from the Internet to advertise, market, and promote its business activities and services, as well as to accompany Rap-Up's content displayed on its Website.   Cpi filed its complaint on November 16, 2021, Rap-Up filed its answer on January 14, 2022.  There are no counterclaims.  There have been no other substantive proceedings in this case.

Defendant's Statement

Rap-Up asserts numerous affirmative defenses in this matter.  First, some of the Allegedly infringing uses in this matter arose significantly longer ago than the three-year limitations period.  As such, there is a lingering factual question regarding the date the relevant infringements were first discovered – or could have been discovered through the exercise of reasonable diligence – and whether these claims are consequently time-barred.  Defendant also has a number of defenses based on the numerous overlapping licenses at play in this matter.  It is not at all clear that Plaintiff has acquired the exclusive rights necessary to assert standing in this action.  In

- 2 -

addition, many if not all of the images in question were provided to Defendant via press releases from the publications in question with the express or implied right to further distribute or otherwise use the relevant images. Defendant likewise contends that the alleged uses constitute a fair use in light of the various licensing arrangements. Finally, it does not appear as a factual matter that Defendant used some of the images that were allegedly infringed in any manner (particularly the images of Justin Bieber – four of the five images lack evidence of use in the Complaint and which do not appear to have been copied or reproduced by Defendant in any manner).

3. **Damages/Insurance.**

    a.   *Damages.* CPi contends at this preliminary stage that its realistic range of provable damages is $50,000 to $250,000 depending upon its further investigation and discovery. Defendant denies liability, and further denies that the range of alleged damages accurately reflects Plaintiff's real damages. None of the work at issue in this suit were timely registered, meaning that Plaintiff is prevented from seeking an award of statutory damages. Plaintiff will be unable to prove significant actual damages arising from the allegedly infringing uses.

    b.   *Insurance.* There is no known insurance coverage for these claims.

4. **Parties, Evidence, etc.**

**Parties:**

Plaintiff Creative Photographers, Inc.  CPi has no known subsidiaries or parents. CPi is affiliated with Global Rights Control.

Defendant Rap-Up, LLC.  Rap-Up has no known subsidiaries, parents or affiliates.

**Percipient witnesses known at present:**

Bill Hannigan

Cameron Lazerine

Devin Lazerine

Ruven Afanador

Zoey Grossman

Terry Tsiolis

PMK at Plaintiff Creative Photographers and potentially relevant third party publications.

**Key Documents:**

Copies of the photographs in issue

Screenshots of the allegedly infringing uses of the photographs in issue

Copyright registration documents

Licensing and assignment agreements

Documents demonstrating the discovery of the alleged infringements

Press Releases from third-party publications to Defendant including photographs at issue

- 4 -

MSC JOINT RULE 26(f) REPORT - Case No.: 2:21-cv-09001-SB-MAA

5. **Discovery.**

   a.  *Status of Discovery.*  The parties have not yet engaged in formal discovery.  Rap-Up served its initial disclosures on February 11, 2022.  CPi intends to serve its initial disclosures on February 15, 2022.

   b.  *Discovery Plan.*  Plaintiff CPi anticipates serving written discovery on Rap-Up to determine the scope of the infringing uses of the photographs in issue, the bases for the affirmative defenses set forth in its answer to the complaint and damages.  Depending upon the results of this discovery, CPi may also depose Cameron Lazerine, Devin Lazerine, and other witnesses with knowledge of the licensing, infringing uses of these photographs, and damages.

   Defendant Rap-Up intends to seek written discovery regarding the various licensing agreements at play in this matter, including licenses from the authors to Plaintiff and the licenses from both to third-parties, including but not limited to the publications that provided the images to Defendant.  Defendant likewise intends to seek discovery regarding the discovery date of the alleged infringements, for those where the allegedly infringing use began more than 3 years prior to filing, as well as the steps that Plaintiff and its photographers have taken to timely discover alleged infringements.  Defendant further intends to seek discovery regarding the damages allegedly suffered by Plaintiff.  Finally, Defendant intends to take discovery regarding the alleged use of certain images by Defendant.

6. **Legal Issues.**  CPi contends that the key legal issues in this case will be whether Rap-Up's use and publication of the photographs in issue constituted an infringing use.  Rap-Up contends that there are significant questions regarding whether Plaintiff maintains standing to pursue the claims alleged herein, as well as whether the allegedly infringing uses were expressly or impliedly permitted under the relevant license agreements between Plaintiff, the authors, and the third-party publications that provided the images to Defendant.  Defendant has further raised a fair use defense in connection with the alleged infringements.

7. **Motions.**

   a. *Procedural Motions.*  The parties do not believe at this time that they will need to bring motions to add other parties or claims, file amended pleadings, transfer venue, or to bring other procedural motions.

   b. *Dispositive Motions.*  Plaintiff does not believe at this time that they will bring motions to dismiss or for summary judgment.  Defendant believes that the use, license, standing, and statute of limitations issues may be determined via summary judgment at or near the close of discovery.

   c. *Class Certification Motion.*  Not applicable.

8. **Alternative Dispute Resolution (ADR).**

   a. *Prior Discussions*.  The parties have actively engaged in settlement discussions prior to the date this action was filed.

b.   *ADR Selection*.  The parties prefer mediation before the court mediation panel.

9. **Trial**.

a.   *Proposed Trial Date*.  The parties agree that this case is of a Medium Level of factual complexity as set forth in this Court's Mandatory Scheduling Conference Order.  In particular, the parties note that there are nine distinct works and alleged uses at issue in this suit.  Each work and alleged use constitutes its own mini-infringement case, and each work and accompanying allegation will require its own discovery.  Although some of this discovery will be overlapping, each alleged use will require independent evidence and is premised on a distinct factual basis.  The parties propose a trial date on or about November 14, 2022.

b.   *Time Estimate*.  The parties estimate a three to four day jury trial.  CGi anticipates calling 4 to 6 witnesses.  Rap-Up anticipates calling anywhere from 3-10 witnesses depending on the outcome of discovery and the number of licensing relationships that ultimately remain relevant.

c.   *Jury or Court Trial*.  This will be a jury trial.

d.   *Magistrate Judge*.  The parties do not agree at this time to try the case before a magistrate judge.

e.   *Trial Counsel*.  Randall S. Farrimond will try the case for plaintiff CPi.  Nicholas Ranallo will try the case for defendant Rap-Up.

10. **Special Requests/Other Issues.**

The parties are not aware at this time of any applicable special requests or other issues as set forth in this Court's Mandatory Scheduling Conference Order.

Randall S. Farrimond, as filer of this document, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.  (C.D. L. R.  5-4.3.4.)

Dated: February 15, 2022

FARRIMOND LAW OFFICES,
a Professional Corporation

*/s/ Randall S. Farrimond*
RANDALL S. FARRIMOND
Attorneys for Plaintiff
CREATIVE PHOTOGRAPHERS, INC.

Dated: February 15, 2022

*/s/ Nicholas Ranallo*
NICHOLAS RANALLO
Attorney for Defendant
RAP-UP, LLC